UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:17-cv-1972-JLS-E                                    Date: December 20, 2017
Title:  Solera Oak Valley Greens Association v. Liberty Insurance Underwriters Inc., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                         Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING PLAINTIFF SOLERA OAK VALLEY GREENS ASSOCIATION'S MOTION TO REMAND (Doc. 18)**

Before the Court is a Motion to Remand filed by Plaintiff Solera Oak Valley Greens Association.  (Mot., Doc. 18.)  Defendant Liberty Insurance Underwriters, Inc. opposed, and Solera Oak replied.  (Opp., Doc. 27; Reply, Doc. 29.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for December 22, 2017, at 2:30 p.m., is VACATED.  Having read and considered the parties' briefs, the Court GRANTS Solera Oak's Motion to Remand.

**I.     BACKGROUND**

This case arises from a dispute about insurance coverage under policies Solera Oak held with Liberty and Defendant Philadelphia Indemnity Insurance Company.  (*See* Compl., Doc. 1-2.)  Solera Oak brought suit against both entities in Riverside County Superior Court.  (Mem. at 1.)  On September 28, 2017, Liberty removed the action to this Court based on diversity jurisdiction.  (Notice of Removal, Doc. 1.)  Liberty stated in the Notice that "no other parties ha[d] appeared in this action," and did not assert any attempts to get the consent of Philadelphia to remove the case.  (*Id*. ¶ 7.)  On October 6, 2017, Solera Oak requested that the clerk enter default against Philadelphia. (Request to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:17-cv-1972-JLS-E Date: December 20, 2017

Title: Solera Oak Valley Greens Association v. Liberty Insurance Underwriters Inc., et al.

Enter Default, Doc. 14.)  Solera Oak now moves to remand the case for failure to comply with 28 U.S.C. section 1446(b)(2)(A).

## II. LEGAL STANDARD

28 U.S.C. section 1446 provides that, when removing a civil action, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  The Ninth Circuit has recognized four exceptions to this "rule of unanimity."  *Voga v. U.S. Bank*, No. 3:11-CV-316-RCJ-VPC, 2011 WL 5180978, at *3 (D. Nev. Oct. 27, 2011).  These exceptions include (1) where the defendant who has not joined in the petition was not properly served prior to the filing of the notice of removal; (2) where the other defendants are nominal; (3) where the claim is independent from non-removable claims, in which case only the defendants to the independent claim must consent or join; and (4) where parties are joined fraudulently.  *Id*. (citations omitted.)

## III. DISCUSSION

Liberty does not contend that any of the recognized exceptions to the rule of unanimity apply.  Rather, it explains that it attempted to identify an appropriate representative of Philadelphia to seek consent for removal, and that it contacted Plaintiff's counsel, who did not respond.[1]  (Opp. at 2.)  Liberty also argues that Philadelphia has waived its right to remand by seeking entry of default.  Neither argument is persuasive.

First, Liberty's argument that its failure to obtain Philadelphia's consent is excused because Plaintiff failed to respond to a request for contact information finds no support in the law.  To be sure, in circumstances where a defendant is unsure if co-defendants have been served, courts have required "reasonable diligence" from counsel

---

[1] Plaintiff has filed several evidentiary objections to declarations filed by Defendant.  To the extent this Order cites to and relies on those declarations, the objections are overruled.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:17-cv-1972-JLS-E                                        Date: December 20, 2017
Title: Solera Oak Valley Greens Association v. Liberty Insurance Underwriters Inc., et al.

before removing a case without joinder or consent. *See AGI Publishing, Inc. v. HR Staffing, Inc.*, No. 1:12-CV-00879-AWI, 2012 WL 3260519, at *4 (E.D. Cal. Aug. 8, 2012). However, Liberty does not argue that it did not know whether Philadelphia had been served, so the "reasonable diligence" standard is inapplicable. *Id.* at *5.

Even if the Court were to address the issue of reasonable diligence, Liberty's conduct would fall woefully short. In *AGI Publishing,* the court found that the defendant had not been reasonably diligent where he checked the state court docket and called plaintiff's counsel to determine if other defendants had been served. *Id.* at *4. *See also Orozco v. EquiFirst Corp.*, No. CVC08-8064PA(CWX), 2008 WL 5412364, at *1 (C.D. Cal. Dec. 22, 2008) (holding that "[a] removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the court is insufficient.") Here, Liberty's counsel states that he "sought to locate an appropriate representative" from Philadelphia but does not explain what steps he took to do so. Such steps might have included checking the state court docket, contacting the state court, or attempting to contact Philadelphia through their service agent. No such efforts are alleged. The Court cannot conclude, therefore, that Liberty engaged in reasonable diligence prior to removing the case without Philadelphia's joinder or consent.

As to whether Solera Oak waived its opportunity to remand by requesting that the clerk enter default against Philadelphia, the Court agrees with Solera Oak that the request for default did not constitute waiver. *See Alarcon v. Shim Inc.*, No. C 07-02894 SI, 2007 WL 2701930, at *3 (N.D. Cal. Sept. 13, 2007) ("the naked request to enter default does not demonstrate sufficient activity in federal court such that remand would violate principles of fairness"). Liberty points to one court that found that a plaintiff's motion for order of default sufficed to show that it had consented to the jurisdiction of federal court. *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1272 (D. Or. 2001). The Court is more persuaded by *Alarcon* and other cases in this circuit finding that remand is appropriate where a plaintiff's activity in federal court amounts to little more than requesting entry of default. *See, e.g.*, *Fletcher v. Solomon*, No. C-06-05492 RMW, 2006 WL 3290399, at *4 (N.D. Cal. Nov. 13, 2006) (remanding case where plaintiffs sought default in federal court, taking into consideration "economy, convenience, comity); *Innovacom, Inc. v. Haynes*, No.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:17-cv-1972-JLS-E                                              Date: December 20, 2017
Title:  Solera Oak Valley Greens Association v. Liberty Insurance Underwriters Inc., et al.

C 98-0068 SI, 1998 WL 164933, at *2 (N.D. Cal. Mar. 17, 1998) (noting that request for entry of default did not make it "offensive to fundamental principles of fairness" to allow plaintiff to argue for remand).  Solera Oak's activities in this Court prior to moving for remand include filing a jury trial demand and requesting entry of default; it also opposed Philadelphia's Motion to Set Aside default.  Like in *Alarcon*, *Fletcher*, and *Innovacom*, the Court concludes that these activities do not constitute waiver of Solera Oak's ability to seek remand.

## IV.    CONCLUSION

Accordingly, the Court GRANTS Solera Oak's Motion for Remand.  The case is remanded to the Superior Court of California, County of Riverside, case number RIC1716155.  The Court declines to impose monetary sanctions.  All pending motions are DENIED AS MOOT.

Initials of Preparer:  tg